## Case No. 9,940.

MURDOCK v. The EMMA GRAHAM.

[3 Cin. Law Bul. 1,054.]

District Court, S. D. Ohio. 1878.

INSOLVENCY—DEED OF GENERAL ASSIGNMENT—
CLAIM FOR DAMAGES—COLLISION.

Claim for damages for collision of craft passes to assignee under deed of general assignment for benefit of creditors under the Ohio statute.

[This was a libel by J. B. Murdock, assignee, against the steamer Emma Graham, to recover for injuries sustained in a collision.]

Moulton & Johnson, for exceptions.
Hooper & Dyer, contra.

SWING, District Judge. The libel in this case is to recover damages for injuries sustained by a float or barge collided against by the steamer Emma Graham. To this libel, the defendant or claimant, files exceptions upon the following grounds: That since the alleged collision the owner of the barge made an assignment under the laws of Ohio, and that his assignee cannot sue, as the lien is not assignable in admiralty. This brings up the question: Is it assignable, and is it within the terms of the assignment? There is no doubt of the assignor's right to sue for the injury to his personal property, but can the assignee sue? There is much conflict in the authorities upon this point, but I have finally come to the conclusion that a right of action for injuries to personal property may be assignable in connection with the property itself, and that in the case at bar, the assignee under the assignment for the benefit of creditors, may sue for this injury in a court of admiralty. It is different from a personal tort which dies

---

[2] [From 3 N. B. R. 146 (Quarto, 36).]

with the owner. It would be very unjust and inequitable to say that this right is not assignable, and that the creditors should not have the benefit of the lien. See The Sarah J. Weed [Case No. 12,350]; Burrill, Assignm. 70, 355; Rogers v. Spence, 13 Mees. & W. 570. This right and lien is assignable, and together with the property passes to the assignee under the law of assignment for the benefit of creditors.

2. Does the assignment cover or include the right? Not in express terms. The words of his deed of assignment are "his real and personal estate," and this ought to embrace all his rights. If this is to be treated as an assignment under the laws of Ohio, it would convey all his rights and choses in action. See Rev. St. Ohio (Swan & Critchfield's Ed.) p. 697, § 11; Id. p. 709; Burrill, Assignm. 73, 354, 355; 1 Smith, Lead. Cas. 70–75. For some purposes it might possibly not be so taken, but in the present instance, I think, it comes fairly within the meaning of the statute. The exceptions to the libel are overruled, and leave given to answer.